THE NEW YORK AND GREENWOOD LAKE RAILWAY COMPANY, APPELLANT, v. THE MAYOR AND COMMON COUNCIL OF NEWARK, AND THE STATE BOARD OF ASSESSORS, RESPONDENTS.

Argued November 4, 1909—Decided January 13, 1910.

A railroad company owned a strip of land lying between its passenger station and a public highway over part of which there were roads and paths used by passengers going to and from the station, and by persons bringing to, and taking freight from, the freight depot. All of the land was open for such use, but some of it was not in constant use, although open to the public. It was not rented. nor was any other use made of it except for the railroad purposes indicated. The state board of assessors assessed it as property used for railroad purposes, and the city assessed a portion of it, claiming it was not used for such purposes. *Held*, that the tract was used for railroad purposes and not subject to local assessment.

On application for a summary determination regarding the taxation of certain lands.

Before Justices REED, BERGEN and MINTURN.

For the applicant, *Cortlandt & Wayne Parker.*

For the city of Newark, *Herbert Boggs.*

For the State Board of Taxation, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

BERGEN, J.   The New York and Greenwood Lake Railway Company owns a tract of land in the city of Newark adjoining its right of way, ninety-five feet in width on Washington avenue, and extending westerly along Verona avenue to a point considerably west of its freight house.   The elevation above Washington avenue at Verona avenue is about eight feet, which falls off along Verona avenue until it reaches a point about three hundred feet distant from Washington avenue, where it is level with Verona avenue.   This tract of land has on it three unimproved roads or driveways leading from Verona avenue to the depot and freight house of the railway company.   There are also paths across this lot, one leading from steps placed at the corner on Washington avenue to the depot, and others from Verona avenue to the depot.   The driveways are used by the public generally to reach the freight house and the railroad depot.   The whole tract was assessed by the state board of railroad assessors as property used for railroad purposes outside of the main stem.   The city has selected a portion of this land about ninety feet wide on Washington avenue and three hundred feet along Verona avenue, and assessed it as property not used for railway purposes, so that the same property has been twice assessed for taxes, and the question presented is whether the city has the right to make the assessment.   The only approach to the depot and the freight house without crossing the tracks of the railway is from the steps at Washington avenue, or from Verona avenue. It is admitted that the part assessed by the city is not improved, but that a considerable portion of it is used by the public as a driveway from Verona avenue to the depot and return to the street.   Under the facts presented by the record we are of opinion that the property is used for railway purposes, and that the city improperly assessed it, for we think that this land is in constant use for railroad purposes to a considerable extent, and that the residue is held by the railroad company solely for fairly anticipated railroad purposes, and are only taxable by the state board of assessors as railroad

property, and not subject to local taxation. *New Jersey Junction Railroad Co.* v. *Jersey City,* 34 *Vroom* 120.

The lands in question, as were those in the case last cited, are not rented, and the railroad company derives no revenue from it, and no use is made of it except to provide a safe access from Verona avenue to the passenger depot, and the fact that the driveways which are used to approach the station are not curbed or macadamized, does not alter the situation. It may well be that such improvements are not necessary, but it is quite clear from the maps submitted that the railroad buildings cannot be approached without requiring all persons having business with the company to cross its tracks, unless they do so by way of Washington avenue or Verona avenue. The location of the land, and the use made of it, plainly indicates that it is held for the sole purpose of affording safe facilities for reaching the passenger depot, and we think that they are lands essential to the exercise of the corporate franchises of the railroad company. In *Morris and Essex Railroad Co.* v. *Jersey City,* 35 *Vroom* 148, to which we are referred by counsel for the city, a different condition is presented. There the land was bought for the purpose of building a tunnel, and after the tunnel was constructed about ninety feet below the surface, the local authorities assessed the lands over it, but there it is quite manifest that the lands assessed were not essential to the exercise of corporate franchises, because the tunnel was completed. But in the present case a considerable part of the land assessed is now in actual use for railroad purposes. Being of this view, we think that the assessment made by the city was improperly laid, and should be set aside.